IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02216-MSK-MEH

FERDINAND DE LEON, on behalf of himself and a Class of Judgment Creditors of the Estate of Ferdinand E. Marcos,

    Plaintiff,

v.

IMELDA R. MARCOS and FERDINAND R. MARCOS, as executors of the Estate of Ferdinand E. Marcos,
DENMAN INVESTMENT CORPORATION, INC., and
ALL UNKNOWN PERSONS WHO CLAIM INTEREST IN THE SUBJECT MATTER OF THIS ACTION,

    Defendants.

---

## ORDER ON DEFENDANT'S MOTION TO STAY
---

Pending before the Court is Defendant Denman Investment Corporation, Inc.'s Motion to Stay Discovery and Vacate Scheduling Conference Pending Disposition of its Motion to Dismiss [filed November 6, 2009; docket #17]. The matter has been referred to this Court for disposition [docket #19]. For the reasons stated below, Defendant's motion is **denied**.

**I.**    **Background**

Plaintiff instituted this action on September 16, 2009. In essence, Plaintiff on behalf of himself and others similarly situated, seek entry of a judgment in this District based on their foreign judgments and a transfer of property in partial satisfaction of the judgments. *See* Complaint [docket #1]. On October 22, 2009, Defendant Denman Investment Corporation, Inc. ("Denman") responded to the Complaint by filing a Motion to Dismiss or, in the Alternative, to Stay. *See* docket #11. Thereafter, Denman filed the within Motion to Stay Discovery, alleging that because "the Motion

to Dismiss, if granted, would resolve this case in its entirety," "it would be in the best interests of all involved if the Rule 16(a) Scheduling Conference is vacated while the Court decides that motion." *See* docket #17 at 5-6.

## II.     Discussion

The decision to issue a protective order and thereby stay discovery rests within the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990). Such protection is warranted, upon a showing of good cause, to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c) (2009). Here, Defendant seeks protection from the burden of discovery at this stage in the case. A stay of all discovery is generally disfavored in this District. *Chavez v. Young Am. Ins. Co.*, No. 06-2419, 2007 WL 683973, *2 (D. Colo. Mar. 2, 2007) (unpublished).

In this matter, staying the case while Defendant's motion to dismiss is pending could substantially delay the ultimate resolution of the matter, with adverse consequences such as a decrease in evidentiary quality and witness availability. Defendant claims that a stay of proceedings is warranted because, otherwise, "the Court and counsel [would] expend time and effort developing a Scheduling Order that will become moot if the Court grants Denman's dispositive motion." Docket #17 at 6. However, defendants always are burdened when they are sued, whether the case ultimately is dismissed, summary judgment is granted, the case is settled, or a trial occurs. *See Chavez, supra*. Here, there is no evidence of a special burden on the Defendant.

Generally, it is the policy in this district not to stay discovery pending a ruling on motions to dismiss. *See Ruampant v. Moynihan,* 2006 U.S. Dist. LEXIS 57304, *4-5 (D. Colo. Aug. 14, 2006) (unpublished). This is particularly true in cases like this one, pending before Judge Krieger,

who instructs the parties that motions having the effect of delaying proceedings may "adversely affect the scheduling of the case or other cases." MSK Practice Stds., II.G. Consequently, the general interests of controlling the court's docket and the fair and speedy administration of justice require that the Motion to Stay Discovery be denied.

## III. Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Denman Investment Corporation, Inc.'s Motion to Stay Discovery and Vacate Scheduling Conference Pending Disposition of its Motion to Dismiss [filed November 6, 2009; docket #17] is **denied**.

Dated at Denver, Colorado, this 9th day of November, 2009.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge