IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02216-MSK-MEH

FERDINAND DE LEON, on behalf of himself and a Class of Judgment Creditors of the Estate of Ferdinand E. Marcos,

      Plaintiff,

v.

IMELDA R. MARCOS, as executor of the Estate of Ferdinand E. Marcos,
FERDINAND R. MARCOS, as executor of the Estate of Ferdinand E. Marcos,
DENMAN INVESTMENT CORPORATION, INC., and
ALL UNKNOWN PERSONS WHO CLAIM INTEREST IN THE SUBJECT MATTER OF THIS ACTION,

      Defendants.
_____

**RECOMMENDATION ON MOTION FOR ISSUANCE OF LETTERS ROGATORY**
_____

Pending before the Court is Plaintiff's Motion for Issuance of Letters Rogatory [filed January 19, 2010; docket #41]. Because the parties seek issuance of the letters by the District Judge, the matter has been referred to this Court for recommendation. The matter is briefed and oral argument would not materially assist the Court in adjudicating the motion. For the reasons stated below, the Court RECOMMENDS that Plaintiff's motion be **granted in part and denied in part**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz,* 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn,*

**I.     Background**

Plaintiff instituted this action on September 16, 2009. In essence, Plaintiff, on behalf of himself and others similarly situated, seeks entry of a judgment in this District based on the class' foreign judgments and a transfer of property located in El Paso County, Colorado, in partial satisfaction of the judgments. *See* Complaint [docket #1]. Defendant Denman Investment Corporation has filed a motion to dismiss the Complaint and default has entered against the remaining Defendants Imelda R. Marcos and Ferdinand R. Marcos. The motion to dismiss and a motion for default judgment are currently pending before Judge Krieger.

A similar, if not identical, action was instituted in this Court in 2005, *135 Randomly Selected Class Claimants and the Plaintiff Class v. Denman Investment Corp., Imelda R. Marcos and Ferdinand R. Marcos (executors of the Estate of Ferdinand E. Marcos)*, Case No. 05-cv-00702-MSK-KLM. At the same time, the same plaintiff class and similar defendants engaged in related litigation in the Northern District of Texas in *Pimentel v. B.N. Development, Inc.*, Case No. 05-234, in which the plaintiffs sought entry of a judgment in that district based on the class' foreign judgments and a transfer of Texas property in partial satisfaction of the judgments. The parties in both cases, represented by the same counsel, stipulated that they would seek and use discovery regarding both the Texas and Colorado properties in both actions. As it happened, the discovery process started earlier and proceeded in the Texas case, including the issuance of letters rogatory to Hong Kong and the Philippines. When the parties realized that the foreign discovery process would take longer than expected, they moved to administratively close the Colorado case to avoid

---

474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

possible multiple requests to amend the scheduling order deadlines in that case. Judge Krieger administratively closed the case on October 12, 2007.

While the letters rogatory were pending in the Texas case, the Texas court dismissed the action on January 9, 2009. Consequently, the letters rogatory were placed in suspense in Hong Kong and in the Philippines. The Plaintiff then filed the instant action on September 16, 2009, and the plaintiffs in the earlier Colorado action informed the Court that they would not seek to extend the administrative closure in that case.

Here, the Plaintiff seeks the issuance of his proposed letters rogatory to Hong Kong and the Philippines presumably for the same discovery sought in the Texas matter. Defendants assert that, while they do not oppose the issuance of letters rogatory in this case, they do oppose the letters as drafted and proposed by the Plaintiff. Defendants contend that the Plaintiff is improperly seeking to broaden the requests made in the letters rogatory issued from the Texas court. In particular, Defendants challenge three portions of Plaintiff's proposed letter to the Philippines: (1) the description of the plaintiffs as "victims of torture, summary execution and disappearance," (2) the addition of Jeffrey Joseph Dee Yao Campos and Kevin Tai as witnesses to be deposed, and (3) the breadth of the descriptions reflected in the Subjects of Testimony. In Plaintiff's proposed letter to Hong Kong, Defendants challenge: (1) the description of the plaintiffs as "victims of torture, summary execution and disappearance," (2) the addition of Rolando Gapud as a witness to be deposed, and (3) the breadth of the descriptions reflected in the Subjects of Testimony and Documents to be Produced. With respect to the Hong Kong letter, Defendants contend that Hong Kong has already rejected once Plaintiff's broad requests for information and documents. Defendants have attached their proposed letters rogatory to their Response.

3

Plaintiff counters that the original Hong Kong letter was not rejected for its substance, but rather for its form, and that the revised letter remained pending before any determination as to its substance could be made in Hong Kong.  With respect to additional deponents, the Plaintiff states that Jeffrey Campos' deposition has been already taken, but Defendants have not stipulated to the use of his testimony in this action.  Also, Plaintiff argues that as a director of Denman Investments, Kevin Tai's testimony is relevant to the class claims and that the prior testimony of Rolando Gapud reveals that he has knowledge of companies acquired for Marcos by Campos, which is probative of the relationship between Marcos and Campos.  Furthermore, Plaintiff contends that his request are already narrowly tailored and will likely produce less than 500 pages of documents.  As for the description of the plaintiff class, the Plaintiff asserts that the class has been adjudicated victims of human rights abuses, and a description of such might enhance the class' ability to obtain documents and testimony.  Plaintiff reasserts his request for issuance of his original proposed letters, but concedes to one change to narrow the scope of the fourth request for production.

**II.     Legal Standard**

It is well settled that courts have the inherent authority to issue letters of request.  *See DBMS Consultants Ltd. v. Computer Assocs. Int'l, Inc.,* 131 F.R.D. 367, 369 (D. Mass. 1990).  The Supreme Court has cautioned that American courts "should exercise special vigilance to protect foreign litigants" from unwarranted discovery when deciding whether to authorize the taking of evidence abroad.  *Societe Nationale Industrielle Aerospatiale v. United States Dist. Court for Southern Dist. of Iowa,* 482 U.S. 522, 546 (1987).

Rule 28(b) of the Federal Rules of Civil Procedure provides that a deposition may be taken in a foreign country pursuant to a letter rogatory "on appropriate terms after an application and

notice of it." Fed. R. Civ. P. 28(b)(2)(A) (2009). "[A] letter rogatory is the request by a domestic court to a foreign court to take evidence from a certain witness." *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 248 n.1 (2004).

On an application for the issuance of a letter rogatory, the Court ordinarily will not weigh the evidence to be elicited by deposition and will not determine whether the witness will be able to give the anticipated testimony. *B & L Drilling Elecs. v. Totco,* 87 F.R.D. 543, 545 (W.D. Okla.1978) (citing 26A C.J.S. Depositions § 28, at 318 (1956)). Many courts and commentators have taken the position that some good reason must be shown by the opposing party for a court to deny an application for a letter rogatory. *See id.; see also Zassenhaus v. Evening Star Newspaper Co.,* 404 F.2d 1361, 1364 (D.C. Cir. 1968); *DBMS Consultants*, 131 F.R.D. at 369; Wright & Miller, 8 FEDERAL PRACTICE AND PROCEDURE § 2083, text and noted cases at n. 22 (1990 Supp.). Whether such a showing has been made and whether and in what form a letter rogatory should issue are factual determinations turning upon the circumstances of the particular case. *B & L Drilling Elecs.,* 87 F.R.D. at 545. The Court's determination in this regard is a discretionary one. *See, e.g., United States v. Mason,* No. 89-5675, 1990 WL 185894, at *2 (4th Cir. Nov. 29, 1990) (unpublished) (citing *Leasco v. Data Processing Equip. Corp. v. Maxwell*, 63 F.R.D. 94, 96 (S.D.N.Y. 1973)).

"When it is necessary to seek evidence abroad ... the district court must supervise pretrial proceedings particularly closely to prevent discovery abuses." *Societe Nationale Industrielle Aerospatiale,* 482 U.S. at 546. Rule 28(b) must be read together with Rule 26(c), which permits a court to make any order 'which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Evanston Ins. Co. v. OEA, Inc.,* 2006 WL 1652315, *2 (E.D. Cal. June 13, 2006) (unpublished) (citing *B&L Drilling Elecs.*, 87 F.R.D. at 545);

5

*see also Horvath v. Deutsche Lufthansa, AG,* 2004 WL 241671, *2 (S.D.N.Y. Feb. 9, 2004) (unpublished) ("... Rule [28] does not divest a Court of all discretion in the matter."). "Judicial supervision of discovery should always seek to minimize its costs and inconvenience and to prevent improper uses of discovery requests." *Société Nationale Industrielle Aérospatiale,* 482 U.S. at 546.

**III.  Analysis**

With these legal principles in mind, the Court will address each previously identified challenge to the proposed letters rogatory in turn.[2]

    A.    <u>Description of Plaintiff Class and Defendants' "Defenses"</u>

Under the heading, Nature of the Proceedings and Parties, the Plaintiff proposes to describe the class as "9,539 Filipino victims of torture, summary execution and disappearance," and argues that such description might enhance their ability to obtain documents and testimony in China. Defendants counter that the language is inflammatory and should be stricken because the instant matter involves only real property in Colorado. Finding Plaintiff's argument unpersuasive, the Court recommends finding the language to be one-sided and unnecessary to the pursuit of foreign discovery in this case.

At the same time, the Court finds unnecessary the language Defendants propose regarding the litigation proceedings in this case[3] and recommends omitting it from the letters rogatory.

---

[2]For ease of reference, the Court directs the District Court's attention to the proposed letters rogatory to Hong Kong (attached hereto as Exhibit 1) and to the Philippines (attached as Exhibit 2) revised by this Court in accordance with its Recommendation.

[3]Defendants propose to add the following language: "The defendant has filed a motion to dismiss this litigation, which is currently pending before this Court." *See* dockets #47-3 at 2 and 47-4 at 2.

B.  Additional Deponents

It is clear from the record that Hong Kong has more restrictive rules than the United States regarding requests for testimony and documents in litigation. In fact, after the Texas court's issuance of the letters rogatory in March 2007, the parties received information from Hong Kong's Department of Justice identifying deficiencies in the letter and suggesting amendments to bring the letter "within the statutory regime that implements requests made to Hong Kong in a civil action from a foreign court." *See* April 20, 2007 Email from Rukmal Gunasekera, Deputy Principal Government Counsel, docket #47-15, at 1. Mr. Gunasekera distinguished between evidence sought in the nature of proof for use in trial (allowed in Hong Kong) and evidence for pretrial discovery which may yield direct evidence for trial (not allowed). *Id.* at 1-2. In evaluating the parties' proposed letter rogatory, Mr. Gunasekera directed that "... the primary amendment should be to remove the 'discovery' aspect, and then limit the purpose to obtaining evidence for adjudicating on specific issues at trial. This should be clearly reflected in the request." *Id.* at 2.

With respect to oral testimony, Mr. Gunasekera advised "[t]he Hong Kong High Court will exercise its discretion to make the appropriate order *only* if the request demonstrates that the three witnesses are known to posses [sic] knowledge of the matters on which they are proposed to be examined, and their testimony, therefore, was material to the proceedings before the requesting court." *Id.* (emphasis in original).

Here, Plaintiff seeks to add a deponent, Rolando Gapud, who was not included in the original letter rogatory issued in March 2007 to Hong Kong. Plaintiff tried to add Mr. Gapud to the revised letter rogatory issued by the Texas court in August 2007, but the court denied Plaintiff's request. *See* docket #47-7 at 2. Here, the question is whether Plaintiff's renewed proposed request to Hong

7

Kong to depose Mr. Gapud meets Hong Kong's requirements for oral testimony.

In this action, Plaintiff, on behalf of himself and others similarly situated seeks a declaration that property in El Paso County, Colorado, currently owned by Denman Investments (which itself is owned by the Campos family), has been beneficially owned by the Estate of Ferdinand E. Marcos, and seeks transfer of title to the property to Plaintiff in partial satisfaction of the Class' final judgment against Marcos. *See* docket #1 at 7. Plaintiff describes the testimony it seeks from Mr. Gapud as follows: "Mr. Gapud managed certain investments for Ferdinand E. Marcos up to 1986, and for the Campos and Tan families between 1979 and the present, and has knowledge of trusts for these individuals and families and the transmission of funds." Docket #41-2 at 5. Unlike the other witnesses to be deposed in Hong Kong, there is nothing in Plaintiff's description of Mr. Gapud's anticipated testimony linking him either to Denman Investments or to the property at issue in this case. Thus, Plaintiff has failed to demonstrate that Mr. Gapud possesses knowledge of the matters on which he is proposed to be examined and which are material to the proceedings before this Court. The Court recommends that Mr. Gapud be omitted from the proposed letter rogatory to Hong Kong.

In the proposed letter to the Philippines, Plaintiff seeks to add two deponents who were not included in the Texas letters, Jeffrey Campos and Kevin Tai. Unlike Hong Kong, there appear to be no restrictions as to requested oral testimony; therefore, the Court will apply Rule 28 and other applicable law to these requests.

Defendants argue that Plaintiff cites no evidence to support his assertion that Mr. Tai has knowledge about Denman's property ownership, and that Plaintiff has already deposed Mr. Campos and specifically asked him about the property at issue. Plaintiff counters that Mr. Campos' testimony has been made confidential by a protective order and the Defendants have not consented

to using it in this litigation. Additionally, Plaintiff asserts that Mr. Tai is believed to be a director of Denman Investments and has knowledge regarding the financing for Denman's acquisition of the property.

Defendants have articulated no good reason to omit Mr. Tai and Mr. Campos as witnesses to be deposed in the Philippines. They have not sought any protection of these witnesses from annoyance, embarrassment, oppression, or undue burden or expense. In addition, the Court perceives no discovery abuses with the addition of these deponents in the Philippines. Therefore, the Court recommends that Mr. Tai and Mr. Campos be included as witnesses to be deposed in the proposed letter rogatory to the Philippines.

    C.    <u>Breadth of Requested Testimony and Documents</u>

As stated above, the rules in Hong Kong are more restrictive than in the United States regarding subjects of oral testimony and document production. With this in mind, the Court will address each challenge made to the proposed letters rogatory accordingly.

        1.    Subjects of Testimony

With respect to the letter to Hong Kong, Defendants contend that Plaintiff's proposed subjects of testimony are overbroad and must specify that the subjects refer to the property at issue in this case. Plaintiff counters that "allowance of specific document requests and deposition questions are determined by the hearing examiner in the first instance" and, therefore, "this Court should not try to tailor the requests <u>in anticipation</u> of whether [the hearing examiner] will or will not enforce them." Docket #49 at 5 (emphasis in original).

In suggesting amendments to the original letters rogatory issued to Hong Kong, Mr. Gunasekera emphasizes that the requirement to seek evidence in the nature of proof for use at trial

9

(as opposed to "discovery" which may yield direct evidence for trial) is applied to both oral and documentary evidence. Docket #47-15 at 1-2. He states that the "primary amendment should be to remove the 'discovery' aspect, and then limit the purpose to obtaining evidence for adjudicating on *specific issues at trial*." *Id.* at 2 (emphasis added).

With this in mind, the Court agrees that the Plaintiff's proposed subjects of testimony, identified as numbers 2 and 3, are overbroad and must reflect that the anticipated testimony will seek evidence regarding the property at issue in this case. Therefore, the Court recommends that the following language be added to proposed subjects 2 and 3 to comply with the suggestions made by Hong Kong's Department of Justice: (2) "to the extent that the relationship pertains to the Property," and (3) "to the extent that such entities and benefits pertain to the Property." *See* revised Letter Rogatory to the High Court for Hong Kong SAR, attached as Exhibit 1.

With respect to the letter to the Philippines, the Court will again apply Rule 28 and other applicable law to the subjects of testimony. Here, the Defendants seek to add the same language pertaining to the property at issue to narrow the second and third Subjects of Testimony proposed in the Plaintiff's letter to the Philippines. The Court perceives no good reason to restrict the subjects in this way; however, the Court recommends that the second subject reflect that the testimony sought be limited to the "business" relationship between Marcos and Campos, which might lead to the discovery of admissible evidence in this case. *See* revised Letter Rogatory to the Appropriate Judicial Authority for the Republic of the Philippines, attached as Exhibit 2.

2.  Production of Documents

In the proposed letter to Hong Kong, the Defendants contend that Plaintiff's requests for production of "all documents" in request number 1 and 2 are overbroad and must specify the types

of documents requested as they pertain to this action. Plaintiff responds that, "so long as Plaintiff's document requests comport with the scope of Rule 26," the Court should not try to anticipate whether the hearing examiner will enforce them.

The Court finds reasonable Defendants' proposed language, which was used by the Texas court in response to Hong Kong's suggested amendments to the original letter rogatory. *See* docket #47-3 at 7. Therefore, the Court recommends accepting Defendants' proposed language specifying the types of documents sought to be produced in requests no. 1 and 2 of the letter rogatory to Hong Kong. *See* Exhibit 1.

Again, the Court finds no good reason to restrict the document requests in the letter to the Philippines in the same manner. The requests seek documents "relating to the ownership of the Property" and "relating to the purchase and funding of the Property." *See* docket 41-3 at 8. Defendants articulate no protection from these requests as described in Fed. R. Civ. P. 26(c). Therefore, the Court recommends accepting Plaintiff's proposed language identifying documents to be produced in requests no. 1 and 2 of the letter rogatory to the Philippines. *See* Exhibit 2.

With respect to request number 4 in both letters, the Plaintiff agrees to revise the request to add language specifying that the documents sought relate the property at issue. With no objection from the Defendants, the Court finds the language to be reasonable and recommends that the District Court accept the Plaintiff's proposed language. *See* Exhibits 1, 2.

## III.   Conclusion

Accordingly, for the reasons stated above, the Court hereby RECOMMENDS that Plaintiff's Motion for Issuance of Letters Rogatory [filed January 19, 2010; docket #41] be **granted in part and denied in part** as specified herein, and that the District Judge issue the letters rogatory drafted

by this Court in accordance with its Recommendation, attached hereto as Exhibits 1 and 2.

Respectfully submitted this 10th day of March, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge