FILED
United States Court of Appeals
Tenth Circuit

December 3, 2010

Elisabeth A. Shumaker
Clerk of Court

# UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

| | |
|---|---|
| In Re: FERDINAND DE LEON,<br><br>Petitioner. | No. 10-1488<br>(D.C. No. 1:09-CV-02216-MSK-MEH)<br>(D. Colo.) |

## ORDER

Before **TACHA**, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

Petitioner Ferdinand de Leon seeks a writ of mandamus compelling the district court to vacate its order of September 23, 2010, which granted defendant Denman Investment Company's motion to dismiss with prejudice. Petitioner contends that on August 19, 2010, he dismissed the case without prejudice with a stipulation of dismissal signed by all parties pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), and therefore, the district court lacked jurisdiction beyond that date to issue a dispositive ruling on the merits.

A writ of mandamus is not a substitute for an appeal, but is a "drastic remedy, and is to be invoked only in extraordinary circumstances." *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1186 (10th Cir. 2009) (quotation marks omitted). "Therefore, we will grant a writ only when the district court has acted wholly without jurisdiction or so clearly abused its discretion as to constitute usurpation of power." *Id.* (quotation marks omitted).

Petitioner argues he is entitled to the writ under *Smith v. Phillips*, 881 F.2d 902 (10th Cir. 1989). In that case, the parties filed a stipulation of dismissal under Rule 41(a)(1), along with a request for a confidentiality order concerning their settlement agreement. The court denied the proposed confidentiality order, but signed the order of dismissal. *Smith*, 881 F.2d at 903. Later, the court sua sponte ordered the parties to publicly disclose the terms of their settlement. *Id*. Plaintiffs sought mandamus relief in this court, arguing that the stipulation of dismissal divested the district court of any jurisdiction it might have had to order the settlement agreement made public. We agreed, holding that "[o]nce a stipulation is filed, the action on the merits is at an end." *Id.*, 881 F.2d at 904. We emphasized that "[a] voluntary dismissal by stipulation under Rule 41(a)(1)(ii) is of right, cannot be conditioned by the court, and does not call for the exercise of any discretion on the part of the court." *Id.* at 904. But we drew an important distinction between such dismissals and those filed under subsection (a)(2) of Rule 41. We noted that, unlike dismissals under subsection (a)(1), dismissals under subsection (a)(2) may be conditioned "upon such terms and conditions as the court deems proper, which could include retention of some jurisdiction by the court." *Id.* at 904-05 (quotation marks omitted). Thus, *Smith* holds that mandamus relief may be appropriate to curtail district court action after a Rule 41(a)(1) stipulation of dismissal.

In its response to petitioner's motion to vacate in the district court, Denman argued that the stipulation of dismissal here was filed pursuant to subsection

(a)(2) of Rule 41, with the intent that the district court would retain some jurisdiction over the case, specifically, the power to convert any dismissal without prejudice into a dismissal with prejudice upon completion of the terms of the settlement.  Petitioner disagrees; he argues that the stipulation was filed under subsection (a)(1) of Rule 41, resulting in automatic divestiture of the district court's jurisdiction.  We need not resolve this dispute on mandamus review.  Suffice it to say, there is some ambiguity in the record as to which subsection of Rule 41 applies to the stipulation of dismissal, which was an undisputed and dispositive factor in *Smith*.  Under these circumstances, we cannot say that petitioner's right to the writ is "clear and indisputable."  *Cooper Tire*, 568 F.3d at 1187 (quotation marks omitted).

Petitioner has also failed to show that he has "no other adequate means to attain the relief he desires" and that issuance of the writ is "appropriate under the circumstances."  *Id.*  (quotation marks omitted).  Petitioner has other avenues of relief, including a pending motion to vacate in the district court.  If that motion is unsuccessful, petitioner can file an appeal in this court.

He contends that an appeal is inadequate to protect the class's rights because other parties are already using the challenged order defensively in other jurisdictions, arguing that the class is collaterally estopped from enforcing its judgment against the Marcos estate.  But mandamus is not necessary to protect a litigant against the preclusive effect in a second case of a prior judgment that may later be overturned on appeal.  If the prior judgment is overturned, the party can

seek relief in the second case under Federal Rule of Civil Procedure 60 (b)(5) or a state-law equivalent. *See* Fed. R. Civ. P. 60(b)(5) ("the court may relieve a party . . . from a final judgment . . . [if] it is based on an earlier judgment that has been reversed or vacated").

Petitioner argues alternatively that he may be unable to appeal the district court's dismissal of his claim because the dispute may be mooted by a settlement. But if appeal is impossible, petitioner is protected by the doctrine that an unappealable order cannot have preclusive effect. *See Bell v. Dillard Dep't Stores, Inc.*, 85 F.3d 1451, 1456-1459 (10th Cir. 1996); Restatement (Second) of Judgments § 28(1) (stating that preclusion is not permitted if the "party against whom preclusion is sought could not, as a matter of law, have obtained review of the judgment in the initial action"); *id*. cmt. a (stating that §28(1) applies when "the controversy has become moot").

Petitioner's request for a writ of mandamus is DENIED.

Entered for the Court,

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk